UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER FIORENTINO,     )<br>    Plaintiff                  )<br>                                   )<br>V.                                   )<br>                                   )<br>COMMONWEALTH OF        )<br>MASSACHUSETTS, et. al.,      )<br>    Defendant,               )<br>                                   ) | Civil Action No. 24-CV-12606 AK |

### DEFENDANT DERREK DERANIAN'S MOTION FOR
### ORDER TO PRODUCE SUBPOENAED DOCUMENTS

Defendant Deranian moves that this Court order the Statewide Head Injury Program (SHIP) that is part of MassAbility to produce the documents listed on Schedule A to the subpoena that Defendant Deranian served on that agency. (Exhibit A to this motion) In support of this motion Defendant states that Plaintiff testified in his deposition that he was now receiving services from SHIP and that those services included counseling for mental distress caused by the actions of Defendants. On December 23, 2025, the General Counsel for MassAbility called the undersigned counsel and stated that the records could not be produced without either a release from Mr. Fiorentino or a Court order. The next day the General Counsel emailed a letter confirming MassAbility's position. (See Exhibit B to this motion). On December 23, 2025, Defendant Deranian's counsel emailed Plaintiff's counsel asking for a release and providing a proposed release. Defendant's counsel noted the urgency of getting the release signed so that the records could be received prior to the continuation of Plaintiff's deposition.

Plaintiff has not provided a release or stated when he will do so. The requested records are relevant to Plaintiff's claims of damages and may lead to other admissible evidence including statements from Plaintiff about what he claims happened when he was arrested and evidence related to pre-existing conditions. Plaintiff previously had to be ordered to produce signed medical releases after his failure to do so as required by Local Rule 35.1(a)(2). See Docket No. 51. If the subpoenaed documents are not received prior to the continuation of Plaintiff's deposition it is likely that an additional day to question Plaintiff about those records will be required.

Wherefore, Defendant Deranian moves that this Court order MassAbility to produce the documents requested on Schedule A to the subpoena that was served on the SHIP program.

        Respectfully submitted,
        Defendant Derrek Deranian,
        By his attorneys,

        */s/ Brian Rogal*
        Brian Rogal, Esquire
        Rogal & Donnellan, PC
        BBO# 424920
        100 River Ridge Drive, Suite 203
        Norwood, MA 02062
        (781) 255-1200
        BRogal@RogalandDonnellan.com

## Certificate of Service

I certify that I have served the foregoing document on each other counsel of record via the Court's ECF system.

January 9, 2026                                */s/ Brian Rogal*